*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8016-GW(PJWx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Cobra 28 No 7, LP v. Hector J. Fernandez, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING ACTION TO STATE COURT**

     On September 11, 2013 Plaintiff Cobra 28 No. 7, LP ("Plaintiff") allegedly became the owner of real property located at 816 Kildare Street, Lancaster, California, 93535 (the "Subject Property") at a trustee's sale following foreclosure proceedings.  Compl. ¶¶ 4-8.  Defendant Hector J. Fernandez ("Defendant") allegedly occupied the Subject Property and was served with a "Three Day Notice to Quit" on September 12, 2013; Defendant remained in possession of the Subject Property for more than three days after service thereof.  *Id.* ¶¶ 8-10.  On September 19, 2013, Plaintiff instituted unlawful detainer proceedings in state court.  *Id.* at 1.  Defendant, proceeding *pro se*, removed the action to this Court on October 30, 2013, alleging that the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201, has been "drawn in controversy" because "the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding; Defendant asserts and alleges that Plaintiff did not allow the ninety day period to lapse before filing her claim."  Notice of Removal, Docket No. 1 at 1-3.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contem-plates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

                                                                                                               :

Initials of Preparer    JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8016-GW(PJWx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Cobra 28 No 7, LP v. Hector J. Fernandez, et al.* | | |

    Federal subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint herein contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See id.* at 392-93. As a result, Defendant's reliance on the purported federal statutory defense identified in the Notice of Removal cannot serve as the basis for federal question jurisdiction. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

    The Court thus REMANDS the action to state court, orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

 

:

Initials of Preparer    JG